CONCURRING AND DISSENTING OPINION BY
Judge LEADBETTER.
I dissent from that portion of the majority opinion which overrules PSP’s preliminary objections to petitioners’ ex post facto claims regarding internet notification. Otherwise, I agree with the thorough and well reasoned discussion of the merits of the remaining claims. Because of this agreement, and because of the procedural posture of this case, I concur in the result of the balance of the majority opinion.
However, I do not join the balance of the opinion and write separately to point out that there are important differences between distinct causes of action and it is not the job of courts to parse factual allegations and re-frame pleadings to rectify the mistakes of counsel.[1] The nature of the cause of action before the court affects considerations of statute of limitations, immunity, subject matter jurisdiction, etc. If, say, a contract claim is asserted but the recited facts allege the elements of negligence or perhaps some statutory claim, how is the respondent to know whether to reply to the pleading or to some manner in which the court may re-fashion it? I understand the Court’s-reasons for making an exception here, but I firmly believe that ordinarily the proper course is to dismiss without prejudice and require the petitioner to clarify his intent.